## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

JAN FRIIS, *et al.*                          *

          Appellants,              *

        v.                          *      Civil Action No. AW-06-2368

INTERNATIONAL RESEARCH              *
CENTRE GLORIA-POLYOT, *et al.*

          Appellees.               *

* * * * *

## MEMORANDUM OPINION

This appeal arises from an order of the United States Bankruptcy Court for the District of

Maryland in the case of *In re Final Analysis, Inc.* (Case No. 01-21039-PM), determining that

Appellee International Research Centre Gloria–Polyot ("IRC") was entitled to file a late proof of

claim as an amendment to a timely filed informal proof of claim.   Currently pending before the

Court is Appellees' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Paper No. 6).   In

particular, Appellees contend that the bankruptcy court's order is not a final judgment, and thus not

properly appealable to this Court.   For the reasons set forth below, this Court will GRANT

Appellees' motion to dismiss for lack of jurisdiction and dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On September 4, 2001, creditors of Final Analysis, Inc. (the "Debtor") filed an involuntary

petition under Chapter 7 of the Bankruptcy Code, commencing the bankruptcy proceedings in this

---

[1] The Court gleans the relevant facts from Appellees' Motion to Dismiss.

1

case.  An order for relief was entered on October 16, 2001.  On October 25, 2001, Cheryl E. Rose (the "Trustee") was appointed as trustee for the Debtor's estate.  On November 27, 2001, the Trustee filed a Notice of Assets.  On that same date, the Clerk's Office filed a Notice of Need to File a Proof of Claim Due to Recovery of Assets, designating February 25, 2002 as the last day to file claims (the "Bar Date").  Appellee IRC is a creditor, but was not listed by the Debtor as a creditor. Consequently, notice of the Debtor's bankruptcy case, including the Notice of Need to File Claims, was not sent to IRC.

Dr. Ilyin, IRC's president, was first informed of the bankruptcy case and of the need to file a claim by an informal e-mail, dated December 25, 2001, from Michael Ahan, a shareholder of the Debtor.  The e-mail advised Dr. Ilyin that IRC needed to filed a claim with the Bankruptcy Court by either February 7 or February 25, 2002, but that Mr. Ahan was not sure of the exact date.  The e-mail further stated that there was little chance any money would be left in the estate for creditors. The e-mail did not reference in any way a formal proof of claim form.  On January 13, 2002, Dr. Ilyin faxed a letter (the "Claim Letter") dated January 13, 2002, to Mr. Hoffman, counsel for Trustee, advising him of IRC's claim in the amount of $230,000.00 against the Debtor.  The Claim Letter stated the basis for the claim and included supporting documentation.  On Tuesday, February 19, 2002, Dr. Ilyin mailed the completed claim form to the Clerk's Office of the United States Bankruptcy Court.

The Claim was received and file-stamped by the Clerk of the bankruptcy court on February 27, 2002, two days after expiration of the Bar Date.  On or about November 11, 2005, Appellee filed its Motion to Allow Late Filed Amended Claim No. 84 of International Research Center "Gloria Polyot" to Relate Back to the Filings of an Informal Proof of Claim or in the Alternative, for

Extension of Time to File a Proof of Claim Based Upon Excusable Neglect (the "Claim Motion"). On June 14, 2006, the bankruptcy court held a hearing on the Claim Motion, and on June 23, 2006 entered an order allowing the Claim to relate back. The Court also issued a Memorandum of Decision on June 23, 2006 and made no final determinations in either the Order or the Decision regarding the allowability, amount, or priority of the Claim.

Appellants then filed a Motion to Reconsider the Order on July 25, 2006. The bankruptcy court denied the Motion for Reconsideration on August 11, 2006, and Appellants filed the instant appeal on August 21, 2006.

## STANDARD OF REVIEW

This Court has jurisdiction over appeals from the bankruptcy court in this district pursuant to 28 U.S.C. § 158.[2]  *See In re Fraidin*, 188 B.R. 529, 532 (D. Md. 1995). A district court lacks subject matter jurisdiction over an appeal of an order that is not final within the meaning of Section 158(a)(1). *In re Computer Learning Centers, Inc.*, 407 F.3d 656, 660 (4th Cir. 2005). To be a "final" order, the order must "conclusively determine[] a separable dispute over a creditor's claim or priority." *White v. Univision of Virginia, Inc. (In re Urban Broadcasting Corp.)*, 401 F.3d 236, 247 (4th Cir. 2005) (citing *In re Saco Local Dev. Corp.*, 711 F.2d 441 (1st Cir. 1983). "A final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (internal quotation marks omitted). The purpose of the finality requirement is to avoid piecemeal appeals. *See DiCola v. American Steamship Owners Mutual Protection And Indemnity Association, Inc. (In re Prudential*

---

[2] Section 158(a) of Title 28 of the United States Code gives district courts jurisdiction to hear appeals "from *final judgments*, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1) (emphasis added).

*Lines, Inc.)*, 59 F.3d 327, 331 (2d Cir. 1995).

## ANALYSIS

### 1.      *The Question of Finality*

The first issue is whether an order from a bankruptcy court allowing the filing of a late proof of claim is a final Order within the meaning of 28 U.S.C. § 158(a)(1).   The Court answers this question in the negative.   It is "well established that an order allowing the filing of a late proof of claim does not constitute a final order."   *In re Brickwell Investment Corp.*, 96 B.R. 400, 403 (Bankr. S.D. Fla. 1989); *see also Perry v. First Citizens Fed. Credit Union (In re Perry)*, 391 F.3d 282, 285 (1st Cir. 2004) ("Courts have ruled that an order allowing the late filing of a proof of claim is not a final, appealable order in cases where the order failed to determine if the claim would be allowed or to resolve the amount that would be paid.") (citing *New Life Health Ctr. Co. v. IRS (In re New Life Health Ctr. Co.)*, 102 F.3d 428 (9th Cir. 1996); *Charter Co. v. Petroleos Mexicanos (In re Charter Co.)*, 76 B.R. 191, 194 (M.D. Fla. 1987); *X-Cel, Inc. v. Int'l Ins. Co. (In re X-Cel, Inc.)*, 68 B.R. 131, 133 (N.D. Ill. 1986)).

Here, the bankruptcy court's order did not allow or disallow IRC's late claim, nor did it resolve what amounts, if any, would be paid under that claim.   The bankruptcy court did nothing more than simply permit the filing of IRC's claim.   Allowing IRC to file its claim does not conclusively resolve the merits of the claim.   As such, the bankruptcy court's order is not a final, appealable order.   Therefore, this Court lacks jurisdiction over the instant appeal.

### 2.      *Leave to Appeal*

Although the bankruptcy court's order allowing the late filing of a proof of claim is a nonfinal order and not appealable as a matter of right, Appellants have requested leave of this Court

4

to appeal the bankruptcy court's order.  In addition to jurisdiction to review final orders, Section 158(a) also grants district courts jurisdiction to hear appeals "with leave of the court, from other interlocutory orders and decrees."  28 U.S.C. § 158(a)(3).   To obtain interlocutory review, a petitioner must demonstrate that there exists a controlling question of law about which there is a substantial ground for difference of opinion, and that an immediate appeal will materially advance the ultimate resolution of the case.  *See United States v. Eltzroth*, 124 F.3d 632, 635 n.4 (4th Cir. 1997); *In re Huff*, 61 B.R. 678, 682 (N.D. Ill. 1986).  Interlocutory appeals should be used "only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation."  *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).  In accordance with the "longstanding rule against piecemeal appeals," this Court has limited interlocutory review to exceptional cases.  *Beck v. Communication Workers of America*, 468 F.Supp. 93, 95-96 (D. Md. 1979).

The appeal *sub judice* is not an exceptional case.  The issues underlying the instant appeal raise no controlling question of law.  If the bankruptcy court denies IRC's claim on the merits, the issue of the late filing would be moot.  On the other hand, if the bankruptcy court allows IRC's claim on the merits, Appellants could then appeal both the decision on the merits and the procedural order allowing the late filing.  To now permit this type of piecemeal appeal would be a waste of judicial resources and will increase the expense to the parties in the resolution of the bankruptcy proceedings.  For these reasons, Appellants' request for leave to appeal the bankruptcy court's order must be denied.

## **CONCLUSION**

The Court finds that the bankruptcy court's June 23, 2006 order granting IRC's motion for

leave to file a late proof of claim is not a final, appealable order.   Further, the Court denies

Appellants' request to pursue an interlocutory appeal.   Therefore, the Court will GRANT Appellees'

Motion to Dismiss for Lack of Subject Matter Jurisdiction (Paper No. 6).   An Order consistent with

this Opinion will follow.


Date:   <u>November 22, 2006</u>                                    _____/s/_____
                                                                             Alexander Williams, Jr.
                                                                             United States District Court Judge